UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

```
MARSHALL BERRY,                         Civ. No. 00-2918 (WGB)

            Plaintiff,

v.                                      MEMORANDUM OPINION

JOHN LOMBARDI, MORRIS COUNTY
SHERIFF'S DEPARTMENT, EDWARD
ROCHFORD, JOHN DEMPSEY, JOHN
KINNECOM, FRED MILLS, FRANK
CORRENTE, ROGER BISHOP, MICHAEL
NOWACKI, and JOHN DOES I through X,

            Defendants.
```

**APPEARANCES:**

Vincent Paragano, Esq.
PARAGANO & RICHLAN, P.C.
5 Seney Drive
Bernardsville, New Jersey 07924

        Attorney for Plaintiff

Frank Viola, Esq.
VIOLA, BENEDETTI, AZZOLINI & MORANO, LLC
134 Columbia Turnpike
Florham Park, New Jersey 07932

        Attorney for Defendant

**BASSLER, SENIOR DISTRICT JUDGE:**

        Both Plaintiff, Marshall Berry, and Defendants, Edward

Rochford, John Dempsey, John Kinnecom and Frank Corrente have

moved the Court to reconsider its October 13, 2005 Opinion

denying Plaintiff's partial summary judgment motion and granting

in part and denying in part Defendants' motion for summary

judgment.  For the reasons discussed below the Court grants

Defendants' and Plaintiff's motions to reconsider.

The Court exercises jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332.  Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391.

## I.  BACKGROUND AND PROCEDURAL HISTORY

Marshall Berry, an African American male, began working for the Morris County Sheriff's Department ("MCSD") as a provisional corrections officer on May 16, 1977.  Berry injured his back as the result of an accident during an MCSD training exercise on August 3, 1984.  Berry's injury caused him to be out of work from March 1997 through December 1998.  After returning to work in December 1998, the MCSD suspended Berry purportedly because his back injury made him a risk to himself and his co-workers.

On October 4, 1999, the MCSD officially terminated Berry's employment.  Berry alleges that his termination was racially motivated.  He contends that his "race has subjected him to ridicule by many officers and co-workers" at the Morris County Jail, and that "such ridicule has taken place either in the presence of or with the knowledge of supervisory personnel, including the Defendants."  Amended Complaint("Am. Compl.") ¶ 25.

Berry filed this action on June 15, 2000 against MCSD, John Lombardi,[1] Edward Rochford, John Dempsey, John Kinnecom, Fred

---

[1] Since then, the parties have stipulated to dismiss with prejudice Defendant John Lombardi from this action.  (Stipulation & Order of Dismissal of 7/11/05.)

2

Mills, Frank Corrente, Roger Bishop, and Michael Nowacki.  The nineteen-count complaint contains numerous employment-related causes of action.  The complaint states claims for discrimination based on race and disability, hostile work environment, violation of civil rights under 42 U.S.C. § 1983, intentional infliction of emotional distress, violations of the First Amendment, breach of contract, and breach of implied warranties of good faith and fair dealing.

On October 8, 2004, Berry filed a motion for partial summary judgment as to liability only on his claims for violations of the Americans with Disabilities Act and the New Jersey Law Against Discrimination.  He also filed an *in limine* motion seeking to bar from the trial evidence of the results, settlement, or medical reports of his Workers' Compensation case.  On the same date, Defendants cross-moved for summary judgment on all counts of the complaint.  Defendants also filed an *in limine* motion seeking to preclude from the trial any evidence of racial discrimination that allegedly occurred during Berry's employment with MCSD.

On October 13, 2005 the Court denied Berry's partial summary judgment motion, denied in part and granted in part Defendants' motion for summary judgment, and denied Defendants' and Berry's motions *in limine*.  Berry moves to have the Court reconsider its determination that Berry failed to present evidence of psychological harm, which is necessary to maintain an action for

Count Six of the complaint, intentional infliction of emotional distress.  Defendants seek reconsideration of that portion of the Court's Order denying summary judgment on Count One, Plaintiff's § 1983 claim.

## II.  ANALYSIS

### A.   THE MOTION FOR RECONSIDERATION STANDARD

A motion for reconsideration under Local Civil Rule 7.1(g) must set forth "the matters or controlling decisions which counsel believes the Judge or magistrate has overlooked," and intervening change in the law, or new, previously unavailable evidence.  See Natural Resources Defense Council v. U.S. E.P.A., 705 F.Supp. 698, 702 (D.D.C. 1989) (citations omitted.  A party seeking reconsideration under Local Rule 7.1(g) must do more than disagree with the Court's decision.  Mere "recapitulation of the cases and arguments considered by the Court before rendering its original decision fails to carry the moving party's burden."  G-69 v. Degnan, 748 F.Supp. 274, 275 (D.N.J. 1990); see also Fontenot v. Mesa Petroleum Co., 791 F.2d 1207, 1219 (5th Cir. 1986); Youmans v. Simon, 791 F.2d 341, 349 (5th Cir. 1986).

A motion for reconsideration is improper when it is used "to ask the Court to rethink what it has already thought through-- rightly or wrongly."  Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co. of Md., 744 F.Supp. 1311, 1314 (D.N.J. 1990) (citations omitted), rev'd on other grounds, 989 F.2d 635 (3d

Cir. 1993).  Finally, "only if the matters which were overlooked, if considered by the Court, might reasonably have resulted in a different conclusion will the court entertain such a motion." Polizzi Meats, Inc. v. Aetna Life & Casualty Co., 931 F.Supp. 328, 339 (D.N.J. 1996).

**B. PLAINTIFF'S MOTION FOR RECONSIDERATION**

Plaintiff argues that the Court improperly granted Defendant's summary judgment motion on Count Six of Plaintiff's Complaint.  Count Six alleges a claim for intentional infliction of emotional distress.  As the Court states in its October 13, 2005 Opinion, to maintain an action for intentional infliction of emotional distress, a "'plaintiff must establish intentional and outrageous conduct by the defendant, proximate cause and distress that is severe.'" Taylor v. Metzger, 152 N.J. 490, 509 (1998) (quoting Buckley v. Trenton Sav. Fund Soc'y, 111 N.J. 355, 366 (1988)).

The Court held that because Berry "offer[ed] no proof of severe distress as a result of the alleged conduct by Defendants" he failed to establish a claim for intentional infliction of emotional distress.  10/13/05 Opinion at 48.[2]  The Court further

---

[2]The Court intimated that Berry could satisfy the first element of an intentional infliction of emotional distress claim by showing that Defendants' conduct was intentional and outrageous.  The Court noted that New Jersey courts rightly deem racist slurs as offensive, intolerable, outrageous conduct, particularly in the employment setting. Taylor v. Metzger, 152 N.J. 490, 510-12 (1998).  There is adequate evidence in the

stated that "the only evidence of distress is a medical report
submitted by Defendants."  Plaintiff notes, however, that
Plaintiff submitted the report of Dr. Jakob Steinberg, Ph.D.
("Steinberg Report") to the Court in opposition to Defendants'
summary judgment motion.  <u>See</u> Plaintiff's Opposition to
Defendants' Motion for Summary Judgment ("Pl. Opp.") at Appendix
III, Ex. 2; <u>see also</u> Plaintiff's Motion for Reconsideration ("Pl.
Recon. Motion") at Ex. 12.

Dr. Steinberg administered several tests, including the Beck
Depression Inventory, the Beck Anxiety Inventory and the SCL-90-
R, which provided an assessment of Berry's symptom profile.
Based on the tests Dr. Steinberg made several findings:

- There are obsessive compulsive symptoms reported
  on the inventory. . . .Often times, obsessive
  compulsive symptoms represent an attempt to
  restore a perceived loss of control and would be a
  likely response considering the problems he had
  with his employment.

- There are levels of anxiety in his profile.  He is
  apprehensive about the future and his ability to
  support his family.  He also experiences some
  symptoms of phobic anxiety.

- There is paranoid ideation represented in his test
  report.  The cardinal characteristics of
  projective thought, hostility, suspiciousness and
  fear of loss of autonomy are viewed as primary
  characteristics of this disorder.  In light of his

record that Berry was subject to racial slurs, had to tolerate
racially offensive posters and was even called "Fox's educated
Nigger" by his co-workers.  Therefore, Berry has satisfied the
first element of an intentional infliction of emotional distress
claim.

> situation and how he reports that he was treated, the belief that others can not be trusted is very real for him.

Id. at 5-6.  Dr. Steinberg further reported that Berry "feels violated and victimized with no hope for the future. . . .Due to these difficulties, his mental and physical health has been damaged and compromised.  Further treatment is recommended."  Id. at 8.

In light of the voluminous materials submitted in support of Plaintiff's and Defendants' summary judgment motions, it appears the Court did overlook this document.  The Steinberg Report provides proof that Plaintiff did suffer severe distress.[3]  It also creates a genuine issue of material fact regarding whether Plaintiff's distress was caused by the pain and loss of function due to his back condition or the discrimination he allegedly faced at work.  Therefore, Plaintiff has made out a prima facie case of intentional infliction of emotional distress and the Court vacates its original ruling granting Defendants' summary judgment motion as to Count Six.

---

[3]As discussed in the Court's October 13, 2005 Opinion, however, Plaintiff has been unable to point to any acts of racial discrimination by Defendants Rochford, Dempsey, Kinnecom or Corrente (10/3/05 Opinion at 41-42) or show that these Defendants purposefully discriminated against him. See infra at 8. Therefore, Plaintiff is unable to establish a claim for intentional infliction of emotional distress against these Defendants as Plaintiff cannot show that these Defendants engaged in intentional and outrageous conduct that cause Plaintiff severe distress.

**C. DEFENDANTS' MOTION FOR RECONSIDERATION**

Defendants assert that Plaintiff has provided no evidence that individual Defendants Edward Rochford, John Dempsey, John Kinnecom and Frank Corrente violated § 1983 by denying Plaintiff equal protection of the laws.  To establish a violation of his equal protection rights under § 1983, Plaintiff must show that Defendants acted with a racially discriminatory purpose.  Village of Arlington Heights v. Metro. House. Dev. Corp., 429 U.S. 252, 265 (1977).[4]  Defendants cite several portions of Berry's depositions in which Berry testifies that Rochford, Dempsey and Corrente never discriminated against him based on his race.  See Defendants Motion for Reconsideration ("Def. Recon. Motion") at 3-4.[5]  Defendants further argue that Plaintiff admitted that Kinnecom was not responsible for his troubles.[6]  Id.  When discussing Plaintiff's New Jersey Law Against Discrimination

---

[4]Even if Plaintiff cannot show that the Defendant directly discriminated against him, Plaintiff may show that as supervisors, Defendants gave personal direction or had actual knowledge and acquiesced in the discrimination.  Andrews v. City of Philadelphia, 895 F.2d 1469, 1478 (3d Cir. 1990).  Plaintiff provides no evidence that these Defendants knew of or acquiesced in the discrimination.  In fact, Plaintiff admits that he never told anyone about discrimination that was reported to him or discrimination that he encountered.

[5]The Court estimates these page numbers since Defendants (hopefully unintentionally) failed to number their brief.

[6]Plaintiff never states directly that Kinnecom was not responsible for his troubles.  In response to the question, "Was [Kinnecom] responsible for those problems[,]" Plaintiff answered, "He didn't do anything to resolve those problems."

("NJLAD") claim in its October 13, 2005 Opinion, this Court

acknowledged that:

> Berry has not provided sufficient evidence to survive
> the summary judgment motions by Edward Rochford, John
> Dempsey, John Kinnecom, Frank Corrente, or Michael
> Nowacki.  When asked at his deposition whether Sheriff
> Rochford discriminated against him as an individual,
> Berry answered, "Not to my knowledge." (Viola Moving
> Cert., Ex. 2, 10/8/02 Berry Dep., at 92:15-19.)  Berry
> could not point to any acts of racial discrimination by
> Dempsey, and he further admitted that Dempsey never
> discriminated against him based on race.  (Id. at
> 97:21-24, 99:8-10.). . . Berry has never alleged that
> Kinnecom and Corrente directed any racial animus at
> him.  Furthermore, in a previous action Berry testified
> that he never told anyone that other officers
> complained to him about the use of racial slurs in the
> workplace. (Viola Moving Cert., Ex. 2, 9/3/98 Berry
> Dep., at 83:13-18.)  In fact, Berry never alleges that
> he filed a report or told anyone about race
> discrimination at the MCSD.

10/13/05 Opinion, at 41-42.

The Court denied Defendants' summary judgment motion on

Plaintiff's § 1983 claim, however, due to Defendants' failure to

address this claim in their original motion.  10/13/05 Opinion at

45.  A motion for reconsideration "may not raise new arguments

that could have (or should have) been made in support of or in

opposition to the original motion." Helfrich v. Lehigh Valley

Hosp'l, No. Civ. A. 03-CV-05793, 2005 WL 1715689, at *1 (E.D. Pa.

2005); see also Delong Corp. v. Raymond Int'l, Inc., 622 F.2d

1135, 1140 (3d Cir. 1980) (holding that a court does not look at

matters not originally presented on a motion for

reconsideration).  Defendants argue that Plaintiff's § 1983 Claim

was "inartfully pleaded," as this Court acknowledged in its October 13, 2005 Opinion.  Def. Recon. Motion at 1 (citing 10/13/05 Opinion at 44).  Defendants further assert that although they did not address § 1983 in a separate section of their brief, they provided sufficient evidence in their original motion to support the finding that Plaintiff has not established a § 1983 claim against Defendants Rochford, Dempsey, Kinnecom and Corrente.  The Court agrees.

A motion for reconsideration should be granted only if (1)an intervening change in the controlling law has occurred, (2) evidence not previously available has become available or 3) it is necessary to prevent a clear error of law or prevent manifest injustice.  Capell v. Lowe's Home Imp. of Toms River, No. Civ. 03-3208(AET), 2005 WL 2373415, at *2 (D.N.J. Sept. 27, 2005).  The Court believes that granting Defendants' motion for reconsideration will prevent manifest injustice by keeping these Defendants from being hauled into court where Plaintiff has failed to provide sufficient evidence to support any claim against them.  The Court reverses its earlier ruling denying the summary judgment motion of Defendants Rochford, Dempsey, Kinnecom and Corrente on Plaintiff's § 1983 claim.

### III. CONCLUSION

For the reasons stated in this Opinion, this Court grants Plaintiff's and Defendants' motions for reconsideration.

10

An appropriate Order accompanies this Opinion.

_/s/ William G. Bassler_____

WILLIAM G. BASSLER, U.S.S.D.J.

Dated: March 22, 2006